ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

October 31, 2006

The Honorable Jeri Yenne
Brazoria County Criminal District Attorney
County Courthouse
111 East Locust, Suite 408A
Angleton, Texas 77515

Opinion No. GA-0479

Re: Application of chapter 706 of the Texas Transportation Code, which permits a political subdivision to contract with the Texas Department of Public Safety to provide information necessary for the department to deny renewal of the driver's license of a person who fails to appear in court or fails to pay or satisfy a judgment ordering payment of a fine and costs (RQ-0481-GA)

Dear Ms. Yenne:

You ask several questions about the application of chapter 706 of the Texas Transportation Code.[1]

## I. Background

Section 706.002 of the Transportation Code provides, in relevant part:

> A political subdivision may contract with the [Texas Department of Public Safety] to provide information necessary for the department to deny renewal of the driver's license of a person who fails to appear for a complaint or citation or fails to pay or satisfy a judgment ordering payment of a fine and cost in the manner ordered by the court in a matter involving any offense that a court has jurisdiction of under Chapter 4, Code of Criminal Procedure.

TEX. TRANSP. CODE ANN. § 706.002(a) (Vernon Supp. 2006). You indicate that Brazoria County has entered into an interlocal agreement with the Texas Department of Public Safety (the "department") to implement chapter 706. Request Letter, *supra* note 1, at 1. The department, "in

---

[1] *See* Letter from Honorable Jeri Yenne, Brazoria County Criminal District Attorney, to Honorable Greg Abbott, Attorney General of Texas (Apr. 20, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

turn, has entered into a contract with a private vendor which collects information as to which Texas drivers failed to appear before Justices of the Peace and Municipal Judges to take care of fin[es] and costs against them." *Id.* The department is then permitted to deny renewal of the driver's licenses of those persons who have failed to appear in court or have failed to pay the fines and costs assessed against them. *See id.*

Subsection (a) of section 706.002 contains two specific components: one permits the department to deny renewal of a person's driver's license for "fail[ure] to appear"; the other permits denial for "fail[ure] to pay or satisfy a judgment." TEX. TRANSP. CODE ANN. § 706.002(a) (Vernon Supp. 2006). Your questions specifically relate to the "fail[ure] to appear" portion of subsection (a) rather than to the statute's "fail[ure] to pay or satisfy a judgment" portion. *See generally* Request Letter, *supra* note 1. The distinction between the two components will subsequently become clear.

Prior to the 2003 regular session of the Seventy-eighth Texas Legislature, section 706.002(a) was limited to matters punishable by fine only, specifically, "any offense that a justice or municipal court has jurisdiction of under Article 4.11 or 4.14, Code of Criminal Procedure." *See* Act of May 24, 2001, 77th Leg., R.S., ch. 1498, § 1, 2001 Tex. Gen. Laws 5322, 5322. In 2003, however, the language of the provision was changed to its present form, so that it now relates to "any offense that a court has jurisdiction of under Chapter 4, Code of Criminal Procedure." TEX. TRANSP. CODE ANN. § 706.002(a) (Vernon Supp. 2006) (added by Act of May 31, 2003, 78th Leg., R.S., ch. 346, § 3, 2003 Tex. Gen. Laws 1503, 1505). Chapter 4 of the Code of Criminal Procedure lists every state court that has criminal jurisdiction, including county and district courts, as well as justice and municipal courts. *See generally* TEX. CODE CRIM. PROC. ANN. arts. 4.01–.18 (Vernon 2005) (chapter 4). Thus, for purposes of section 706.002(a), "any offense" includes any felony or misdemeanor of which any Texas trial court has jurisdiction.

This new "any offense" language, adopted in 2003, was added by a House floor amendment with no debate. *See* H.J. OF TEX., 78th Leg., R.S. 3998 (2003) (amendment by Honorable Carter Casteel). Thus there is no legislative history explaining the amendment. And while section 706.002(a) was greatly expanded to include all offenses, the other provisions of chapter 706, which relate to procedural matters, were not amended to conform to the expanded language of section 706.002(a). This failure to amend other provisions of chapter 706 is the reason we must distinguish between the failure to appear portion of section 706.002(a) and that section's failure to pay portion.

## II.     Questions

Your specific questions are:

1) Is the FTA system limited to traffic tickets?

2) Can the FTA system be used to collect fines and costs on non-traffic Class C offenses?

3) Can the FTA system be used to collect fines and costs for Class B and above misdemeanors and felonies and may it be used for filed

cases in county and district courts for which there has been no initial arrest but an active warrant exists?

Request Letter, *supra* note 1, at 3. We cannot answer your specific questions, however, until we explain the meaning of the 2003 amendment and how the amendment fits into the overall scheme of chapter 706.

## III.  Analysis

The language of section 706.002(a) relating to failure to appear reads as follows: "information necessary for the department to deny renewal of the driver's license of a person who fails to appear for a complaint or citation." TEX. TRANSP. CODE ANN. § 706.002(a) (Vernon Supp. 2006). "Complaint" is defined in section 706.001 as "a notice of an offense as described by Article 27.14(d) or 45.019, Code of Criminal Procedure." *Id.* § 706.001(1). Article 27.14(d) relates to parking violations and other offenses "for which maximum possible punishment is by fine only." TEX. CODE CRIM. PROC. ANN. art. 27.14(b)–(d) (Vernon Supp. 2006). Such cases are tried exclusively in justice and municipal courts. *Id.* arts. 4.11, .14 (Vernon 2005). Article 45.019 describes the requisites of a complaint in justice or municipal court. *Id.* art. 45.019. Indeed, the entirety of chapter 45 of the Code of Criminal Procedure is devoted to justice and municipal courts. *See, e.g.*, art. 45.002 (Vernon Supp. 2006) ("Criminal proceedings in the justice and municipal courts shall be conducted in accordance with this chapter . . . .").

Likewise, chapter 706 of the Transportation Code makes clear that the term "citation" is limited in that chapter to traffic offenses, which are classified as Class C misdemeanors. Section 706.003 provides:

> (a) If a political subdivision has contracted with the department, *a peace officer authorized to issue a citation in the jurisdiction of the political subdivision shall issue a written warning to each person to whom the officer issues a citation for a violation of a traffic law in the jurisdiction of the political subdivision.*
>
> (b) The warning under Subsection (a):
>
>> (1) is in addition to any other warning required by law;
>>
>> (2) *must state in substance that if the person fails to appear in court as provided by law for the prosecution of the offense or if the person fails to pay or satisfy a judgment ordering the payment of a fine and cost in the manner ordered by the court, the person may be denied renewal of the person's driver's license*; and
>>
>> (3) may be printed on the same instrument as the citation.

TEX. TRANSP. CODE ANN. § 706.003 (Vernon Supp. 2006) (emphasis added).

The goal of statutory construction is to give effect to the legislature's intent, and courts accomplish this by looking to the plain and common meaning of the words and terms the legislature uses. *See Lenz v. Lenz*, 79 S.W.3d 10, 19 (Tex. 2002). Moreover, the Code Construction Act declares that, "[i]n enacting a statute, it is presumed that . . . the entire statute is intended to be effective." TEX. GOV'T CODE ANN. § 311.021 (Vernon 2005). The failure to appear portion of section 706.002(a) is circumscribed by the words "complaint" and "citation," and because these terms have specifically defined meanings for purposes of chapter 706, we cannot apply the failure to appear portion of section 706.002(a) to every matter "involving any offense that a court has jurisdiction of under Chapter 4, Code of Criminal Procedure." TEX. TRANSP. CODE ANN. § 706.002(a) (Vernon Supp. 2006). Rather, we must conclude that, for purposes of failure to appear, the applicable offenses must be only those that arise in a justice or municipal court. Such a construction still allows us to give effect to the 2003 amendment: The department may deny renewal of the driver's license of a person who "fails to pay or satisfy a judgment ordering payment of a fine and cost in the manner ordered by the court in a matter involving any offense that a court has jurisdiction of under Chapter 4, Code of Criminal Procedure." *Id.* In sum, when a defendant fails to pay a fine and court cost in *any* court with criminal jurisdiction, the department may deny renewal of the driver's license of that defendant.

We conclude that the department may deny the renewal of a driver's license to any person who fails to appear in a justice or municipal court, but may not deny renewal to any person who fails to appear in a county or district court. The department may deny renewal of a driver's license to any person who fails to pay or satisfy a judgment ordering payment of a fine and costs for an offense in any court that has criminal jurisdiction.

In answer to your specific questions, the failure to appear system is not limited to traffic tickets. It is available for *all* offenses that arise in a justice or municipal court. On the other hand, unlike the failure to pay fines and costs, the failure to appear system may not be used for offenses that arise in any other court.

## S U M M A R Y

The failure to appear system is not limited to traffic tickets. It is available for *all* offenses that arise in a justice or municipal court. On the other hand, unlike the failure to pay fines and costs, the failure to appear system may not be used for offenses that arise in any other court.

Yours very truly,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee